Bender v. Obama

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand sixteen.

PRESENT:  DENNIS JACOBS,
          GUIDO CALABRESI,
          REENA RAGGI,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
SIDNEY BENDER,
          Plaintiff-Appellant,

SENATOR TOM COTTON,
          Nominal Plaintiff,

          -v.-                                    15-3147

PRESIDENT BARACK H. OBAMA, MITCH McCONNELL, PAUL RYAN, UNITED STATES OF AMERICA,
          Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              SIDNEY BENDER, pro se, Great Neck, NY.

1

**FOR OBAMA, MCCONNELL, AND**
**UNITED STATES APPELLEES**
VARUNI NELSON (Robert W. Schumacher II, on the brief), Assistant United States Attorney, for Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

**FOR RYAN APPELLEE:**
William Pittard (Sarah K. Curran, on the brief), Deputy General Counsel, for Kerry W. Kircher, General Counsel, U.S. House of Representatives, Washington, D.C.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Sidney Bender, a lawyer appearing pro se, appeals from the judgment of the United States District Court for the Eastern District of New York (Seybert, J.) dismissing sua sponte his complaint for lack of standing. Bender challenges the constitutionality of the Iran Nuclear Agreement Review Act ("INARA"), which provided for congressional review of agreements related to Iran's nuclear program, and the resulting Joint Comprehensive Plan of Action ("JCPOA"), which is a multilateral agreement concerning Iran's nuclear program. In a nutshell, Bender alleges that: the JCPOA was effectively a treaty; because INARA provided that Congress did not have to vote on any agreement between the United States and Iran concerning Iran's nuclear program, INARA violated the constitutional requirement that treaties be ratified by a two-thirds majority of the Senate; and JCPOA (as a treaty) is null and void because the President did not submit it to the Senate for ratification and the Senate did not approve it by a two-thirds majority. Bender also seeks to add Senator Cotton as an involuntary plaintiff. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1.**  We review de novo whether a plaintiff has constitutional standing to bring a claim.  W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP, 549 F.3d 100, 106 (2d Cir. 2008).  Article III standing requires: (i) injury in fact that is concrete and particularized; (ii) a causal connection between the injury and the conduct complained of; and (iii) a likelihood that the injury will be redressed by a favorable decision.  Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2341 (2014).  A plaintiff raising "only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 573-74 (1992).

Bender lacks standing because his alleged injuries are not concrete or particularized, and because his claims are merely generalized grievances, claiming only harm to his – and every citizen's – interest in the enforcement of constitutional provisions.  Moreover, there is no basis to add Senator Cotton as an involuntary plaintiff; and he would, in all likelihood, also lack standing.

Accordingly, and finding no merit in Bender's other arguments, we hereby **AFFIRM** the judgment of the district court.

                    FOR THE COURT:
                    CATHERINE O'HAGAN WOLFE, CLERK